# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICHELE A. HERRMANN,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:12-CV-229-JEM |
| CAROLYN W. COLVIN, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michele A. Herrmann on July 6, 2012, and the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 20], filed by Plaintiff on January 3, 2013. The Commissioner filed a response on April 11, 2013, and Plaintiff filed a reply on June 20, 2013. Plaintiff requests that the partially favorable May 9, 2012, decision of the Appeals Council, be remanded for further proceedings. For the reasons set forth below, the Court denies Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

Plaintiff filed a claim for Supplemental Security Income ("SSI") on June 9, 2003, alleging disability as of January 1, 1980, due to fibromyalgia, chronic migraines, chronic back and leg pain, memory loss, loss of concentration, extreme light sensitivity, and irritable bowel syndrome. Her claim was denied initially and upon reconsideration. On August 8, 2005, Plaintiff appeared with counsel at an administrative hearing before an Administrative Law Judge and testified on her own behalf. Plaintiff's daughter and a vocational expert also testified. On March 27, 2007, the ALJ issued an unfavorable decision. After a timely request for review, the Appeals Council denied review, making the decision of the ALJ the final decision of the Commissioner. Plaintiff sought judicial review in the District Court for the Northern District of Indiana. On August 7, 2008, the

case was remanded.

On June 21, 2007, Plaintiff filed a second SSI application. It was denied initially and on reconsideration, and Plaintiff again requested a hearing. In August 2008, the Appeals Council remanded the first claim for a new hearing with the original ALJ and consolidated the second claim with it. On February 11, 2010, Plaintiff appeared with counsel at that hearing. She, her daughter, and a VE testified. On January 26, 2011, the ALJ issued another unfavorable decision.

On January 19, 2012, the Appeals Council assumed jurisdiction of the case. On May 9, 2012, the Appeals Council issued a decision adopting the ALJ's statements concerning the law, the issues in the case, and the facts, but finding Plaintiff disabled as of her fifty-fifth birthday. Plaintiff filed this civil action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## FACTS

**A.** **Background**

Plaintiff was forty-seven years old at the time of her first application and fifty-five when the ALJ's second decision was issued. She has a high school equivalency diploma. She has no past relevant work experience.

**B.     Medical Evidence**

Medical records from treating physician Dr. Dean Dauscher include diagnoses of fibromyalgia, degenerative disc disease, migraines, and irritable bowel syndrome, dating back to at least 2003. In March 2003, Dr. Dauscher completed forms for the Wayne Township Trustee in which he gave his opinion that Plaintiff was unable to work because of the debilitating nature of her fibromyalgia. In December 2003, he provided the Trustee the same opinion. Various other records note difficulty walking, pain from foot to leg, and leg cramping. Dr. Dauscher referred Plaintiff to other doctors for vision problems and for her pain in her lower back and extremities.

In April 2004, Dr. Richard Windsor, O.D., saw Plaintiff for complaints about her vision. She reported a drastic decrease in visual acuity in the prior four to five years. Dr. Windsor also noted that Plaintiff reported being very sensitive to light, seeing flashes of light in her peripheral vision, and sometimes losing focus. In December 2006, Dr. Windsor diagnosed severe photophobia and accommodation spasm. A May 2008 record from Dr. Windsor noted that Plaintiff's family practitioner believed her vision problems to be related to her fibromyalgia.

In September 2004, Dr. Mark E. Zolman saw Plaintiff for her complaints regarding pain in her lower back and extremities. He ordered an MRI and a trial prescription of Zanaflex. An MRI was performed and revealed degenerative disc disease, a moderately large right disc protrusion displacing the right S1 spinal nerve, and a midline disc protrusion. Plaintiff reported that the Zanaflex did not help. Dr. Zolman diagnosed degenerative lumbar disc disease. He recommended continuing with her previous medications and beginning physical therapy.

On November 17, 2003, state agency physician Dr. T. Crawford reviewed medical records submitted by Plaintiff in support of her application. Based solely on the records, Dr. Crawford

found that Plaintiff could occasionally lift and carry up to twenty pounds, frequently lift or carry up to ten pounds, stand or walk for about a total of six hours in an eight hour workday, sit for a total of about six hours in an eight hour workday, frequently climb, and must avoid concentrated exposure to hazards such as machinery and heights. He found no limitations in reaching, handling, or fingering.

On October 22, 2007, non-examining state agency physician Dr. J. Sands found, based on his review of Plaintiff's medical records, that Plaintiff could occasionally lift and carry up to twenty pounds, frequently lift and carry up to ten pounds, stand or walk for about six hours in an eight-hour workday, had unlimited ability to push and pull, and could only occasionally climb, balance, stoop, kneel, crouch, and crawl. Like Dr. Crawford, Dr. Sands found no evidence in the record to support finding any limitations in reaching, handling, or fingering. Dr. Sands also noted the report of consultative examiner Dr. Sebastian Ksionski, who examined Plaintiff six days earlier and had reported gross deficits in vision, balance, coordination, and gait. Dr. Sands wrote that Dr. Ksionski's report was not credible because fibromyalgia would not cause such deficits and because he was likely too uncritical of Plaintiff's self-reported symptoms.

At the center of this appeal is a medical source statement from consultative examiner Dr. Michael Holton. On November 15, 2008, Dr. Holton performed an examination of Plaintiff at the request of the Social Security Administration. In the narrative section of his report, Dr. Holton wrote that Plaintiff showed normal muscle strength and tone, including rating a five out of five in all four extremities. He also wrote that her finger manipulative abilities appeared normal and that her grip strength measured by dynamometer at thirty-one pounds on the right and eleven pounds on the left. He diagnosed fibromyalgia and degenerative disc disease.

4

In the checkbox section of his report, Dr. Holton checked that Plaintiff could occasionally lift and carry up to twenty pounds and could only occasionally reach, handle, and finger. When asked to identify the particular medical or clinical findings that supported this assessment and to explain how they supported his assessment, he wrote "See page 1," referring to his earlier narrative. In the section which asked Dr. Holton to choose from boxes labeled "1" through "8" to reflect how many total hours in an eight hour workday Plaintiff could sit, stand, and walk, he checked no box but wrote in the margin that it was "unlikely she would be able to work eight hour days even with modifications." AR 531. He provided no narrative explanation of the basis for this opinion.

**C.     Vocational Expert Testimony**

The ALJ presented the VE with a hypothetical of an individual with the RFC ultimately contained in the ALJ's decision. The VE testified that such a person would be able to work as a cashier, shipping and receiving weigher, or product inspector. Plaintiff's attorney then presented the VE with a series of hypothetical individuals with the same RFC as presented by the ALJ but with various additional limitations. One hypothetical involved an individual with the RFC proposed by the ALJ but also limited to only occasional reaching, handling, and fingering. The attorney asked whether such an individual would be still able to perform the jobs of a cashier, shipping and receiving weigher, or product inspector. The VE testified that all of those jobs would be eliminated because they all required frequent handling.

**D.     ALJ's Decision**

In the most recent decision, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since the date of her first application. He found she had severe impairments, but that she failed to establish that she had an impairment or combination of impairments that met or equaled

5

a Listing. The ALJ found Plaintiff's testimony not credible because it was "unsupported with valid medical opinion [or] credible objective evidence." AR 332. He found she had a residual functioning capacity for less than the full range of light work with an ability to lift and carry twenty pounds occasionally and ten pounds frequently, that she required an option to alternate between sitting and standing, and that she could not stand and walk for more than half of an eight hour workday or for more than thirty minutes at a time. He further found her able to reach "extreme postures (stooping, kneeling, bending, etc.)" only occasionally. Finally he found that Plaintiff could not "perform work that imposes close regimentation of production." AR 333. In determining this RFC, the ALJ gave significant weight to the RFC assessments by State agency physicians Dr. T. Crawford in November 2003 and Dr. J. Sands in October 2007. He gave little weight to the medical source statement submitted by consultative examiner Dr. Holter. The ALJ then found that Plaintiff had no past relevant work. He found, however, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely the jobs identified by the VE of cashier, shipping and receiving weigher, and production inspector. Accordingly, he found Plaintiff not disabled at any point since her application date.

**E.      Appeals Council Decision**

After reviewing the ALJ's decision, the Appeals Council adopted the ALJ's findings at steps one through four, including the RFC. The Appeals Council also adopted the ALJ's determination that Plaintiff was not disabled at any time from June 9, 2003, through Plaintiff's fifty-fifth birthday. However, the Appeals Council found Plaintiff disabled as of her fifty-fifth birthday as directed by Medical Vocational rule 202.04 and awarded benefits as of that date.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's RFC, age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand of the ALJ's decision based on a single argument: She argues that the ALJ improperly evaluated the opinion of Dr. Michael Holton. The weight assigned to a medical source opinion is to be determined by evaluating it according to the factors enumerated in 20 C.F.R. § 416.927(c). These factors include how well the medical source supports his opinion with relevant evidence and explanation, whether the opinion is consistent with the record as a whole, whether the source of the opinion is a specialist, the relationship between claimant and source of the opinion, and any other factor which tends to support or contradict an opinion. 20 C.F.R. § 416.927(c)(1), (3), (4), (5), & (6). An ALJ need only minimally articulate his reasons for discrediting a medical source's opinion. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008).

In this case, the ALJ summarized Dr. Holton's findings, noting in particular the normal findings and those reflecting only mild impairment. He ultimately discounted Dr. Holton's opinions regarding Plaintiff's limitations because he found them to be unsupported by the objective findings in Dr. Holton's report. He wrote that "Dr. Holton's examination findings of 5/5 muscle strength, normal sensation and normal manipulative abilities are not consistent with his assessment that the claimant cannot sustain sitting, standing and walking for eight hours and has limitations regarding reaching, handling and fingering." AR 336. Additionally, the ALJ stated that state agency physician Dr. Sands had found Dr. Holton's opinion to be not credible.

Plaintiff first argues that the ALJ was mistaken in believing Dr. Sands found Dr. Holton's opinion not credible. The record shows that Dr. Sands had actually found the opinion of a different consultative examiner, Dr. Ksionski, to be not credible. The ALJ simply confused the two

examiners' reports.  Were this the only factor the ALJ considered in evaluating Dr. Holton's opinion, this mistake would result in the ALJ's assessment having no basis.

The ALJ expressed one other reason, however, for giving Dr. Holton's opinion little weight—that the opinion was inconsistent with the findings on which it was supposed to be based. Plaintiff argues this reason is also invalid because the findings and opinion were not actually inconsistent.  She acknowledges that Dr. Holton's finding that Plaintiff had normal "fine finger manipulative abilities" was, in fact, inconsistent with his later opinion that she could only occasionally finger.  She argues that normal fine finger manipulative abilities are not, however, inconsistent with limitations in handling because handling involves use of the whole hand, not use of the fingers separately.  Plaintiff cites an article from a medical journal in support of her argument that a grip strength measurement of thirty-one pounds on the right and eleven pounds on the left is significantly below normal and argues that the grip strength measure is more indicative of handling ability than "fine finger manipulative ability."  Dr. Holton, however, offered no such explanation for his opinion that Plaintiff had limitations in handling.  Plaintiff lists other of Dr. Holton's findings that she argues were consistent with his opinions.  She also argues that the ALJ did not actually explain why he believed the findings he cited were inconsistent with Dr. Holton's opinions.

The Court is unpersuaded that the ALJ's evaluation of Dr. Holton's opinion is so flawed as to warrant remand.  After noting many normal or mildly abnormal findings, the ALJ's concluding sentence drawing attention to only the normal muscle strength, sensation, and manipulative abilities may be somewhat lacking in detail, but the paragraph as a whole sufficiently articulates the ALJ's reasoning such that this Court can trace its path.  Plaintiff points to other findings that are not necessarily inconsistent with Dr. Holton's opinions, but they fail to undermine the ALJ's

11

conclusions when Dr. Holton himself gave no explanation other than "See page 1" to explain to the ALJ how his findings supported his conclusions. The ALJ evaluated the opinions of numerous medical sources, enumerating various factors for the weights assigned to each, providing the Court with further context for the relative weight assigned to Dr. Holton's opinions. Therefore, even though the ALJ's evaluation of Dr. Holton's opinion may not be perfect, it was sufficient to meet the "lax" standard for articulation required of an ALJ. *See Elder*, 529 F.3d at 415.

Plaintiff also argues that the ALJ failed to consider other factors enumerated in 20 C.F.R. § 416.927(c) that favored giving the opinion more weight. An ALJ need not, however, provide an in-depth explanation of how he evaluated each and every factor set out in the regulations. *See Elder*, 529 F.3d at 415-16 (affirming denial of benefits where ALJ discussed only two of the factors); *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007) (same). An ALJ is only required to minimally articulate his reasons for discounting a medical source's opinion, which is a "very deferential standard." *Elder*, 529 F.3d at 415. The ALJ did so in this instance.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 20] and **AFFIRMS** the Commissioner of Social Security's final decision.

So ORDERED this 24th day of September, 2013.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record